## STATE ex KRIEG, Etc, et v REYNOLDS, Judge, Etc

Ohio Appeals, 2nd Dist, Franklin Co

No 2392. Decided Dec 30, 1933

Harrison & Marshman, Cleveland, and Herbert S. and Thomas J. Duffy, Columbus, for relator.

John W. Bricker, Attorney General, Columbus, and Perry L. Graham, Asst. Atty. General, Columbus, for defendants.

Peter Albietz, Columbus, for claimants.

## OPINION

By BARNES, J.

Defendants have filed no pleadings, but the case was orally argued and submitted upon the theory that the petition in this court fails to state a cause of action. It is the theory of the Attorney General, representing the defendants, that the determination of the bond is a matter wholly within the discretion of the trial court and, secondly, that the bond should be in an amount that would protect the various claimants under House Bill No. 703, and this upon the theory that these claimants should be entitled to interst through any delay if it should be determined that the relator's action for injunction was improperly brought.

Very comprehensive briefs have been submitted by counsel representing the respective parties. We also have an amicus curiae brief submitted by counsel on behalf of some of the claimants.

We have carefully read the briefs and examined all authorities cited. We fail to find any of the cases directly in point.

However, we do find analogous principles which we think will support our conclusion and finding.

The principle is well established and should need no authority in its support that the determination of the amount of the

bond under an action of this character should be left to the sound discretion of the court. It is equally well established that the action will lie if there is an abuse of discretion. In the oral argument it was indicated that the trial court held to the view that the claimants under House Bill No. 703 were the real parties in interest and that the bond should be in such amount as would protect them. This is the vital legal question for determination.

It is our conclusion that the claimants are not parties in interest and could not under any situation recover under the bond. The only parties in interest are the defendants Tracy, as Auditor of State, and Day, as Treasurer of State, The only possible recovery under the bond would be the costs plus the $200, penalty provision of the statute.

Not being able to agree with the trial court that the claimants are parties in interest, by reason thereof we think the amount of the bond was excessive and constituted an abuse of discretion.

The writ of mandamus will be allowed and the trial court ordered to fix the bond in a nominal sum sufficient to cover the probable costs and the statutory penalty.

The costs will be awarded against the defendants.

Exceptions will be allowed the defendants.

Entry may be prepared in conformity to the above and the writ may issue immediately.

HORNBECK, PJ, concurs.